**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MARIA M. GONZALEZ,** | ) | NO.  1:09-CV-00941 AWI-GSA |
| | ) | |
| **Plaintiff,** | ) | **ORDER  ON DEFENDANTS'** |
| **v.** | ) | **MOTION TO DISMISS AND** |
| | ) | **MOTION TO STRIKE** |
| **FIRST FRANKLIN LOAN SERVICES,** | ) | **PLAINTIFF'S COMPLAINT** |
| **et. al,** | ) | |
| | ) | (Docs. Nos. 11 and 13 ) |
| **Defendants.** | ) | |
| | ) | |

On July 17, 2009, Defendants Home Loan Services, Inc. (erroneously sued as First Franklin Loan Services), First Franklin Financial Corporation, Bank of America, N.A., (as successor by merger to LaSalee Bank, N.A., as trustee of the trust named as "Franklin Mortgage Loan Trust"), and Mortgage Electronic Registration Systems, Inc. filed a Rule 12(b)(6) motion to dismiss and a Rule 12(f) motion to strike portions of Plaintiff Maria Gonzalez's ("Plaintiff") complaint.  See Court's Docket Docs. No. 11 and 13.  Hearing on both of these motions was previously set for August 31, 2009.  See id. at Doc. No. 11.  On August 26, 2009, pursuant to Local Rule 78-230(c),the court vacated the hearing dates and took the matter under submission because Plaintiff did not timely file an opposition or statement of non-opposition by August 17, 2009.  However, on August 25, 2006, Plaintiff had filed an amended complaint.  No defendant has filed any answer in this case.

Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  "A motion to dismiss is not a 'responsive

1   pleading' within the meaning of Rule 15." <u>Crum</u>, 231 F.3d at 1130 n.3; <u>New v. Armour</u>

2   <u>Pharmaceutical Co.</u>, 67 F.3d 716, 722 (9th Cir. 1995); <u>see also</u> <u>Morrison v. Mahoney</u>, 399 F.3d

3   1042, 1047 (9th Cir. 2005).  A motion to strike also does not constitute a responsive pleading.

4   <u>Neifeld v. Steinberg</u>, 438 F.2d 423, 425 n.3 (3d Cir. 1971); <u>Phillips v. Borough of Keyport</u>, 179

5   F.R.D. 140, 145-46 (D.N.J. 1998).  Thus, where a motion to dismiss or motion to strike is filed

6   instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a

7   matter of course without the need of obtaining leave of court.  Fed. R. Civ. Pro. 15(a); <u>Crum</u>, 231

8   F.3d at 1130 n.3; <u>Neifeld</u>, 438 F.2d at 425, n.3.  An "amended complaint supersedes the original,

9   the latter being treated thereafter as non-existent."  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474

10  (9th Cir. 1997); <u>see also</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

11          Here, the Defendants did not file answers, but instead filed a motion to dismiss and

12  motion to strike.  As no prior amended complaints have been filed, Plaintiff was entitled to file

13  her amended complaint as a matter of course under Rule 15(a).  The amended complaint

14  supersedes the original complaint, and the original complaint is treated as non-existent.  Since

15  Defendants' motions attack Plaintiff's original and now "non-existent" complaint, Defendants'

16  motions are now moot.

17

18          Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss and motion

19  to strike, which are Document Numbers 11 and 13 on the Court's docket, are DENIED as moot.

20  IT IS SO ORDERED.

21  **Dated:    August 27, 2009                          /s/ Anthony W. Ishii                          **
                                                   CHIEF UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28