1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MARIA M. GONZALEZ,** | ) | NO.  1:09-CV-00941 AWI-GSA |
| | ) | |
| **Plaintiff,** | ) | **ORDER GRANTING** |
| **v.** | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS AND MOTION FOR** |
| **FIRST FRANKLIN LOAN SERVICES,** | ) | **JUDICIAL NOTICE AND** |
| **et. al,** | ) | **DENYING MOTION TO** |
| | ) | **STRIKE** |
| **Defendants.** | ) | |
| | ) | (Docs. Nos. 25 and 26) |

## HISTORY[1]

Maria Gonzalez's ("Plaintiff") claims arise from the refinance of a loan secured by real property located at 1101 and 1105 Normandy Drive, Bakersfield, California ("Property").  In September 2006, Plaintiff alleges that Defendant Amira Shiffer ("Shiffer") approached Plaintiff and "solicited her to refinance her residence."  Defendant Shiffer informed Plaintiff that she was a loan officer for Defendant Integra Funding Group, Inc. ("Integra").  Shiffer advised Plaintiff that she could get her the "best interest rates" available on the market.  Plaintiff's FICO score was over 700, which Plaintiff alleges should have qualified her as a "Prime" borrower.  Plaintiff alleges that Shiffer classified Plaintiff as a "Sub-Prime" borrower and did not disclose other loan program options.  Plaintiff alleges that she told Shiffer that she wanted to refinance her loan to a

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

fixed rate loan for 30 years.  Shiffer advised Plaintiff that she could get her an adjustable rate loan at 6.00% interest.  Shiffer sold Plaintiff a loan at 10% interest rate with an adjustable rate and a prepayment rider.

Shiffer told Plaintiff that "if the loan ever became unaffordable, [Plaintiff] would simply refinance it into an affordable loan."  Plaintiff alleges that she was not given a copy of the loan documents prior to closing and was not given a proper notice of cancellation.  At closing, Plaintiff was only given a few minutes to sign the loan documents and the notary did not explain the documents nor was Plaintiff allowed to review them. Plaintiff alleges that she was directed into a loan for which she was not qualified based upon her income as stated in documents provided to Defendants Integra, Thomas Crivello ("Crivello")[2], and Shiffer.

On November 29, 2006, Plaintiff completed the loan on the property.  The Deed of Trust identified Defendant First Franklin Financial Corp. ("FFF") as the lender and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for the lender.  In February 2009, a Notice of Default was filed in Kern County.  In May 2009, Defendant Cal-Western noticed the Trustee Sale of the Property.

On May 28, 2009, Plaintiff filed suit in this court.  On August 25, 2009, Plaintiff filed an amended complaint.  Plaintiff alleges causes of action for: (1) Violation of Truth-in-Lending Act ("TILA")-Rescission and Statutory Damages against Defendant FFF; (2) Violation of California Rosenthal Act ("RFDCPA") Cal. Civil Code §1788 against Defendants FFF, Home Loan Services, Inc. ("HLS") (erroneously sued as First Franklin Loan Services), and MERS; (3) Negligence against all Defendants; (4) Violation of Real Estate Settlement Procedures Act ("RESPA") against Defendants FFF and HLS; (5) Breach of Fiduciary Duty against Defendants Shiffer, Integra, FFF, and Crivello; (6) Fraud against all Defendants; (7) Violations of California Business & Professions Code § 17200 ("UCL") against all Defendants ; (8) Breach of Contract against Defendants Shiffer, Crivello, and FFF; (9) Breach of Implied Covenant of Good Faith

_____

[2]Plaintiff alleges that Defendant Crivello was the real estate broker of record for Defendant Integra.  See FAC ¶¶13-14.

and Fair Dealing against Defendants Shiffer, Crivello, and FFF; (10) Wrongful Foreclosure against Defendants FFF, Cal-Western, Bank of America, N.A. ("BOA") (as successor by merger to LaSalle Bank, N.A., as trustee of the trust named as "Franklin Mortgage Loan Trust"), HLS, and MERS; and (11) Violation of California Civil Code §1632 against all Defendants.

Defendants HLS, FFF, BOA, and MERS now move to have the case dismissed for failure to state a claim and move to strike portions of Plaintiff's amended complaint that refer to the recovery of punitive damages.

On October 3, 2009, Plaintiff filed an opposition and a request for judicial notice.  On October 15, 2009, the court took the matter under submission without oral argument.


**LEGAL   STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009); <u>see also</u> <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S.Ct. at 1949; <u>see</u> <u>Twombly</u>, 550 U.S. at 570; <u>see also</u> <u>Weber v. Department of Veterans Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

<u>Iqbal</u>, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572

4

F.3d 962, 969 (9th Cir. 2009).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Further, under the "incorporation by reference" doctrine, courts may review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000).  The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  Knievel, 393 F.3d at 1076 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).


## DISCUSSION

The basis of Plaintiff's suit is her contention that the Defendants placed her into a toxic loan.  Plaintiff also contends that the Defendants do not own the loan and are not "persons entitled to enforce the security interest under the Note and Deed of Trust, as defined under Cal. Code § 3301."  See First-Amended Complaint ("FAC") ¶34.  Plaintiff contends that no legal transfer of the loan occurred.  Plaintiff also alleges that Defendants failed to provide copies of the

TILA disclosure statement, Notices of Right to Cancel ("NRC") and various other disclosures. See FAC ¶29.  Plaintiff alleges that Defendants Shiffer and Integra induced Plaintiff to enter the subject loan by making misrepresentations.  See FAC ¶ ¶25-30.  Plaintiff alleges that Shiffer misrepresented what the interest rate would be, Plaintiff's income, and Plaintiff's ability to subsequently refinance.  Plaintiff contends that the remaining Defendants are responsible for these alleged misrepresentations based on agency and conspiracy theories.

I.     First Claim for Relief under TILA-Rescission and Statutory Damages

Plaintiff's Argument

Plaintiff alleges that she is entitled to rescission of her loan because Defendant FFF violated TILA because it: (a) did not provide required disclosures prior to consummation of the transactions; (b) failed to make the disclosures clearly and conspicuously, (c) failed to deliver TILA notices; (d) placed terms prohibited by TILA into the transaction; and (e) failed to disclose all finance charge details and the annual percentage rate.  See FAC ¶60.  Plaintiff also alleges that FFF extended credit to her without regard to her ability to pay and falsified income and appraisal information to get the loan approved.

Defendant's Argument

FFF contends that Plaintiff's TILA rescission and statutory damage claims are barred by TILA's statute of limitations.  FFF also contends that Plaintiff signed the relevant loan documents, including TILA disclosures and Notice of Right to Cancel.

Discussion

Notwithstanding the fact that Plaintiff appears to have abandoned her TILA claims as she fails to respond to Defendants' arguments in her opposition, the court will address the TILA claims on the merits.  TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).  The failure to satisfy TILA's requirements subjects a lender to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures."  Id. (citing 15 U.S.C §1640).

1    There is a one-year statute of limitations period in which to file an action for such damages.  See

2    15 U.S.C. § 1640(e); Beach, 523 U.S. at 412.  The one-year limitations period of "[15 U.S.C. §]

3    1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable

4    tolling may, in the appropriate circumstances, suspend the limitations period until the borrower

5    discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the

6    basis of the TILA action."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

7         Additionally, TILA "authorizes a borrower whose loan is secured with his 'principal

8    dwelling,' and who has been denied the requisite disclosures, to rescind the loan transaction . . .

9    ."  Beach, 523 U.S. at 412 (citing 15 U.S.C. § 1635(a)).  The right of rescission may last up to

10   three years depending on when or if a lender delivers a statement containing the requisite TILA

11   disclosures.  Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989).  However, the right of

12   rescission is completely extinguished after three years from the date of the loan's consummation.

13   15 U.S.C. § 1635(f); Beach, 523 U.S. at 412, 419; Miguel v. Country Funding Corp., 309 F.3d

14   1161, 1163-64 (9th Cir. 2002).

15        For purposes of TILA, "consummation" is defined as "the time that a consumer becomes

16   contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13); Grimes v. New

17   Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

18        With respect to rescission, Plaintiff's claim is not barred by the statute of limitations

19   because she attempted rescission within the three-year limitations period.  The loan closed on

20   November 29, 2006, and it appears that Plaintiff attempted to rescind on April 20, 2009.  See

21   FAC¶34.  This is within the three-year limitations period.  See 15 U.S.C. § 1635(f); Beach, 523

22   U.S. at 412, 419; Miguel, 309 F.3d at 1163-64.

23        Nevertheless, Plaintiff's recession claim fails because she does not allege that she is

24   financially capable of tendering the loan proceeds.  In Yamamoto v. Bank of New York, the

25   Ninth Circuit held that "in applying TILA, 'a trial judge ha[s] the discretion to condition

26   rescission on tender by the borrower of the property he had received from the lender.'"  329 F.3d

27   1167, 1171 (9th Cir. 2003).  As explained in Yamamoto, the rescission provision of TILA, 15

28

U.S.C. §1635(a), and implementing regulation 12 C.F.R. § 226.23,

> provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon such a rescission. The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property.

329 F.3d at 1170. The Ninth Circuit held that the "statute need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds." Id. at 1171.

Here, Plaintiff concedes that she cannot allege that she has the ability to tender. See Plaintiff's Opp. Brief at page 35. As such, her rescission claim fails. See Farmer v. Countrywide Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. May 18, 2009) (granting defendant's motion to dismiss because plaintiffs did not allege that they had tendered or were financially capable of tendering the loan's principal balance); Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, at *3 (N.D. Cal. Apr. 8, 2009) (same); Garza v. American Home Mortg., 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (same).

Accordingly, FFF's motion to dismiss is granted as to Plaintiff's claim for rescission under TILA. Dismissal will be without leave to amend as Plaintiff concedes that she does not have the ability to tender and pay back what she has received.

With respect to statutory damages, Plaintiff filed her TILA claim beyond the one-year limitations period. As described above, the loan closed on November 29, 2006, and Plaintiff filed her TILA claim on May 28, 2009. Dismissal is appropriate. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412; King, 784 F.2d at 915. Moreover, as Plaintiff has presented no opposition to Defendants' arguments, the Court will dismiss the claim without leave to amend.

II.   Second Claim for Relief-RFDCPA

Plaintiff alleges that Defendants HLS, FFF, and MERS violated the Rosenthal Act by collecting on a debt not owed to the Defendants, making false reports to credit reporting agencies, foreclosing upon a void security interest, foreclosing upon a note that they do not

8

possess, and using unfair and unconscionable means in an attempt to collect a debt.  See FAC ¶70.

Defendants argue that the Rosenthal Act claim is alleged generally and without any supporting facts that indicate wrongdoing.

Discussion

The purpose of the RFDCPA is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Cal. Civ. Code § 1788.1(b).  Under the RFDCPA, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  (Cal. Civ. Code  § 1788.2 (c)).  A debt collector violates the act when it engages in harassment, threats, the use of profane language, false simulation of the judicial process, or when it cloaks its true nature of a licensed collection agency in an effort to collect a debt.  See Cal. Civ. Code. §§ 1788.10-88.18; see also Hernandez v. Cal. Reconveyance Co., 2009 U.S. Dist. LEXIS 13936, at *13 (E.D. Cal. Feb. 23, 2009) (holding that the complaint lacked allegations of harassment or abuse, false or misleading representations of the debt collector's identity, or unfair practices during the process of collecting debt).

The RFDCPA is not applicable until after a loan is made and does not constitute a lending regulation.  See Alkan v. Citimortgage, Inc., 336 F.Supp.2d 1061, 1064 (N.D. Cal. 2004).  Moreover, foreclosing on a deed of trust does not, by itself, implicate the RFDCPA.  See e.g. Benham v. Aurora Loan Servs., 2009 U.S. Dist. LEXIS 78384, at *6 (N.D. Cal. Sept. 1, 2009) (dismissing plaintiff's complaint "because foreclosing property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA"); Ricon v. Recontrust Co., 2009 U.S. District LEXIS, 67807, at *9 (S.D. Cal. Aug. 4, 2009); Helper v. Wash. Mut. Bank, F.A., 2009 U.S. Dist. LEXIS 33883, at *11 (C.D. Cal. April 17, 2009).

Plaintiff's complaint fails to allege any fact that demonstrate how FFF or HLS violated the RFDCPA.  Rosal v. First Fed. Bank of Cal., 2009 U.S. Dist. LEXIS 60400 (N.D. Cal. July

15, 2009) (dismissing the plaintiff's complaint where it did not allege facts giving rise to the inference that any of the defendants is a debt collector as defined by the RFDCPA nor assert what provisions of the RFDCPA defendants allegedly violated.)  Plaintiff does not allege that FFF or HLS used threats, harassment, or profane language to collect a debt after the loan was made. Rather, Plaintiff alleges that Defendants made "false reports to credit reporting agencies"[3] and a false statement of the debt.  See FAC ¶70.

Further, because Plaintiff's allegations involve false representations, they sound in fraud, and are subject to Rule 9(b)'s heightened requirements.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-26 (9th Cir. 2009).  Plaintiff does not satisfy these requirements.  Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  Plaintiff does not include the above listed information required by Swartz.  Also, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  Swartz, 476 F.3d at 764-65.  Here, Plaintiff lumps FFF, HLS, and MERS together and fails to distinguish the defendants' particular roles in these representations.

Thus, Defendants' motion to dismiss Plaintiff's claim for violation of RFDCPA is granted as to FFF and HLS with leave to amend.

With respect to MERS, MERS's foreclosure related actions (i.e. directing Defendant Cal-Western to file a Notice of Default) do not implicate the RFDCPA.  As discussed above, "[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection

---

[3]Plaintiff's allegations even fail to meet the requirements of Rule 8 because they consist of conclusory allegations that the Defendants violated the RFDCPA.  For instance, Plaintiff alleges that Defendants made false reports to credit reporting agencies but does not state what information was false, when the report was made, to whom it was made, or by whom it was made.  See FAC ¶70.  Plaintiff also alleges false statement of the debt but does not provide a description of the statement.

within the meaning of the RFDCPA or the FDCA."  Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co., 2009 U.S. Dist. LEXIS 19613, at *11 (N.D. Cal. Mar. 12, 2009); see Tapia v. Aurora Loan Servs., LLC, 2009 U.S. Dist. LEXIS 82063, at *5-*6 (E.D. Cal. Aug. 25, 2009).

For the above reasons, dismissal is clearly appropriate.  Given the identities of the Defendants and the FAC's factual basis, amendment would be futile, so dismissal will be without leave to amend as to MERS.

III.    Third Claim for Relief-Negligence

Plaintiff contends that Defendants HLS, FFF, BOA, and MERS breached a duty of care to the Plaintiff when they failed to maintain the original mortgage note, failed to properly create original documents, failed to make required disclosures to the Plaintiff and instituted foreclosure proceedings wrongfully.  See FAC ¶77.  Plaintiff also contends that these Defendants breached their duty when they took payments to which they were not entitled and wrongfully made negative reporting of Plaintiff's creditworthiness to various credit bureaus.  See FAC ¶78.

Defendants allege that Plaintiff's cause of action fails because they do not owe Plaintiff a duty of care and because they confined themselves to the domain of the 'usual money lender.'

Discussion

Plaintiff's negligence claim is asserted against all Defendants.  Under California law, the elements of a cause of action for negligence are "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury."  Mendoza v. City of Los Angeles, 66 Cal. App.4th 1333, 1339 (1998).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide."  Vasquez v. Residential Investments, Inc., 118 Cal. App.4th 269, 278 (2004).

Plaintiff bases her negligence claim in part on the allegation that FFF, HLS, and MERS failed to provide disclosures.  Plaintiff does not specify which disclosures were not provided but it appears that Plaintiff is referring to disclosures required by TILA and RESPA.

FFF

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the

institution's involvement in the loan transaction does not exceed the scope of its conventional

role as a mere lender of money..."  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App.3d

1089, 1096 (1991).  "In California, the test for determining whether a financial institution owes a

duty of care to a borrower-client involves the balancing of various factors, among which are: (1)

the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of

harm to him; (3) the degree of certainty that the plaintiff suffered an injury; (4) the closeness of

the connection between the defendant's conduct and the injury suffered; (5) the moral blame

attached to the defendant's conduct; and (6) the policy of preventing future harm."  Nymark, 231

Cal.App.3d at 1096 and 1098.

Similar allegations regarding a lender's duty to provide disclosures have been found by at

least one district court to be sufficient to show a duty of care between the lender and the

borrower.  In Champlaie v. BAC Home Loans Servicing, LP, 2009 WL 3429622, at *24 (E.D.

Cal. Oct. 22, 2009), the court considered the Nymark factors and concluded that a lender had a

duty to make accurate disclosures, even though disclosures are within the scope of a lender's

normal activities.  Id.  Assuming without deciding that FFF owes Plaintiff a duty of care,

Plaintiff's claim nevertheless fails because she has not adequately alleged a failure by FFF to

provide any disclosures required by TILA as discussed above in Section I or disclosures required

by RESPA as discussed below in Section IV.  Because Plaintiff's TILA and RESPA claims are

dismissed with prejudice as to FFF, dismissal of Plaintiff's negligence claim based on TILA and

RESPA will be without leave to amend as to FFF.

HLS

Similarly, assuming without deciding that HLS owes Plaintiff a duty, Plaintiff's claim

fails because she has not adequately alleged a failure by HLS to provide any disclosures required

by RESPA as discussed below.  However, because Plaintiff's RESPA claim against HLS is

dismissed with leave to amend, Plaintiff's negligence claim based on RESPA will be dismissed

1  with leave to amend.[4]

2  MERS

3       Plaintiff fails to allege any facts or authority indicating that MERS owed any disclosure

4  duty to Plaintiff or that MERS in any way actually sought to induce Plaintiff to enter the subject

5  mortgage.  MERS was not Plaintiff's lender, but instead was merely the lender's nominee and

6  beneficiary under the Deed of Trust.  Indeed, it does not appear from the FAC that Plaintiff ever

7  had contact with MERS prior to signing the loan documents or at any other time pertinent to the

8  instant claim.  Accordingly, the FAC raises no grounds on which this Court could find that

9  MERS had any legal obligation to Plaintiff to make the disclosures.

10  BOA

11       Plaintiff's negligence claim against BOA fails because Plaintiff does not allege any facts

12  indicating that BOA owed Plaintiff a duty of care.  In fact, Plaintiff concedes that she does not

13  know the relationship that BOA has to Plaintiff's loan.  See Plaintiff's Opp. at page 15.  Thus,

14  Plaintiff's claim is dismissed with leave to amend.

15  Negligence Claims as to FFF, HLS, and MERS

16       Plaintiff also argues that FFF, MERS, and HLS were negligent in failing to maintain the

17  original promissory note and in failing to properly create original documents.  Other than the

18  allegations regarding disclosures, Plaintiff has not identified any defect in the promissory note,

19  deed of trust, or attached documents.  Moreover, possession of the note is not required in a non-

20  judicial foreclosure.  See Brosnan v. Countrywide Home Loans Inc., 2009 U.S. Dist. LEXIS

21  92480, at *19 (N.D. Cal. Oct. 5, 2009); Smith v. Wachovia, 2009 U.S. Dist. LEXIS 57553, at *6

22  (N.D. Cal. July 6, 2009).  In addition, Plaintiff has not alleged facts supporting the conclusion

23  that any failure to maintain the note caused any harm to Plaintiff.

24       Plaintiff's allegations that FFF, MERS, and HLS wrongfully instituted foreclosure

25

26      [4]The court notes that because the Defendants have not addressed whether this claim is
27  preempted, the court expresses no opinion on this issue.

28

proceedings are insufficient to state a claim.  Plaintiff has not alleged any facts indicating why

the foreclosure was wrongful, outside of the conclusory allegations that Defendants did not have

the right to foreclose or that the sale was conducted without complying with California

Commercial Code § 3301, § 3309 and § 2924.  Such conclusory statements without any facts to

support them, fall short of the pleading requirements of Rule 8.  See Iqbal, 129 S. Ct. at 1949.

The complaint lacks facts of foreclosure irregularities or facts to support wrongful foreclosure.

Additionally, to bring a claim arising from an alleged irregularity in a foreclosure sale, a

plaintiff must allege proper tender.  Smith v. Wachovia, 2009 U.S. Dist. LEXIS 57553, at *8

(N.D. Cal. July 6, 2009);  Abdallah v. United Savs. Bank, 43 Cal. App.4th 1101, 1110, 51 Cal.

Rptr. 2d 286 (1996); see also U.S. Cold Storage v. Great W. Savs. and Loan Ass'n, 165 Cal.

App.3d 1214, 1222, 212 Cal. Rptr. 232 (1985); Karlsen v. Am. Savs. and Loan Ass'n, 15 Cal.

App.3d 112, 117, 92 Cal. Rptr. 851 (1971).  In the absence of tender, or an offer to tender, an

action to set aside a trustee sale fails to state a cause of action.  Karlsen, 15 Cal.3d at 117

(citing Leonard v. Bank of Am. Nat'l Trust & Savs. Ass'n, 16 Cal. App. 2d 341, 344, 60 P.2d 325

(1936)).  Here, Plaintiff concedes that she cannot allege tender.

Lastly, as to Plaintiff's allegations that FFF, HLS, and MERS took payments and charged

fees to which they were not entitled and wrongfully reported Plaintiff's credit history, Plaintiff's

allegations are too vague to withstand a motion to dismiss.  Plaintiff does not identify which

payments were taken, why the Defendants were not entitled to the payments, what fees were

charged, nor why the credit reporting was wrongful.  Plaintiff's statements simply fail to put

Defendants on notice of their alleged misconduct.

Vicarious Liability

Plaintiff appears to be arguing that the moving Defendants are liable for Defendants

Integra, Shiffer, and Crivello's actions (i.e. directing Plaintiff into a loan for which she was not

qualified) under either an agency or conspiracy theory of liability.  Plaintiff alleges in her

complaint that Defendant Shiffer was the loan officer employed by Defendant Integra and

Defendant Crivello was the real estate broker of record for Defendant Integra.[5] See FAC ¶¶13-14. In her complaint, Plaintiff alleges generally that each Defendant "were and still are agents for one another, and are acting with knowledge and consent of each other." See FAC ¶ 16. Plaintiff also asserts that FFF "regularly trained, directed, authorized, and/or participated with mortgage brokers to implement this scheme[6], giving them monetary incentives[7] to violate the borrowers' trust." See FAC ¶ 22.

Agency

Plaintiff's factual allegations regarding an agency theory of liability are not supported. An agency relationship exists where a principal authorizes an agent to represent and bind the principal. See Cal. Civ. Code §2295. Here, although Plaintiff has alleged that FFF offered the brokers incentives to act in ways that furthered FFF's interest, there is no allegation indicating that FFF gave the brokers identified here the authority to represent or bind FFF or that FFF took some action that would have given the Plaintiff the impression that such a relationship existed. See Cal. Civ. Code §§2299, 2300; J.L. v. Children's Institute Inc., 177 Cal. App.4th 388 (2009). Plaintiff relies on Wyatt v. Union Mortg. Co., for the proposition that FFF is liable for Crivello's and Shiffer's actions. Wyatt is not on point as it held that "[d]irectors and officers of a corporation ... may become liable [for a corporation's torts] if they directly ordered, authorized, or participated in tortious conduct." 24 Cal.3d 773, 785 (1979). The court does not read Wyatt to suggest that this rule imposes liability outside the relationship between a corporation and its officers. Here, Plaintiff does not explain the sense in which FFF directed or authorized Shiffer's and Crivello's conduct. More importantly, although Plaintiff alleges that First Franklin employed "brokers," it is not clear to the court whether the "brokers" that Plaintiff refers to

---

[5]The court notes that Plaintiff does not identify who Integra is in this action.

[6]Plaintiff alleges that Defendants developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market. See FAC ¶ 18.

[7]FFF allegedly paid commissions to the brokers based on the volume and profitability (for FFF) of the loans brokers sold. See FAC ¶ 35.

includes Shiffer and/or Crivello.  Plaintiff's allegations do not support a finding of either actual

or ostensible agency.  Accordingly, Plaintiff's negligence claim based on an agency theory of

liability is dismissed with leave to amend.[8]

<u>Civil Conspiracy</u>

The moving Defendants may not be liable for conspiracy of negligence.  Under California

law, a party may be vicariously liable for another's tort in a civil conspiracy where the plaintiff

shows:  "(1) formation and operation of the conspiracy; (2) damage resulting to the Plaintiff; (3)

from a wrongful act done in furtherance of the common design."  <u>Rusheen v. Cohen</u>, 37 Cal.4th

1048, 1062 (2006); <u>see also</u> <u>Applied Equipment Corp. v. Litton Saudia Arabia Ltd.</u>, 7 Cal.4th

503, 511 (1994).  The California Supreme Court has held that even when these elements are

shown, however, a conspirator cannot be liable unless he personally owed the duty that was

breached.  <u>Applied Equipment</u>, 7 Cal.4th at 511, 514.  Civil conspiracy "cannot create a duty ...

[i]t allows tort recovery only against a party who already owes the duty."  <u>Id.</u> at 511.  Civil

conspiracy allows imposition of vicarious liability on a party who owes a tort duty, but who did

not personally breach that duty.  <u>Doctors' Co. v. Superior Court</u>, 49 Cal.3d 39, 44 (1989).  Given

that Plaintiff has not sufficiently alleged that Defendants owed her a duty of care, these

Defendants may not be liable under an independent civil conspiracy to commit negligence.

<u>Applied Equipment</u>, 7 Cal.4th at 511.

---

[8]In addition, the court reads Plaintiff's negligence claims as sounding in fraud.  As described in the history section of this order, the crux of Plaintiffs's complaint against Crivello and Shiffer seems to be they made various misrepresentation to Plaintiff during the refinancing process, including that they could get her the "best interest rates" on the market when in fact they sold her a loan at a higher interest rate than promised.  <u>See</u> FAC ¶¶24, 27.  As such, Plaintiff's negligence claims are really "grounded in fraud."  Claims that are "grounded in fraud" are subject to the heightened pleading requirements of Rule 9(b), even if fraud is not an element of the claim.  <u>See</u> <u>Maganallez v. Hilltop Lending Corp.</u>, 505 F.Supp.2d 594, 608-09 (N.D. Cal. 2007) (citing to <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003).  Therefore, if Plaintiff amends her complaint and sufficiently alleges an agency relationship between the moving Defendants and Shiffer and/or Crivello, Plaintiff's allegations will be subject to Rule 9(b)'s heightened standard.  Currently, Plaintiff's allegations as to Shiffer appear to meet Rule 9(b)'s standard; Plaintiff's allegations as to Crivello, however, do not appear to meet Rule 9(b)'s standard.

Moreover, Plaintiff fails to allege the basic elements of a conspiracy action.  Plaintiff does not state any particulars regarding the Defendants' knowledge or agreement to injure her, the specific wrongful acts committed by the Defendants, or the harm she suffered.  Plaintiff fails to adequately allege negligence through a civil conspiracy theory.  Accordingly, Plaintiff's negligence claim based on a civil conspiracy theory is dismissed without leave to amend.

IV.     Fourth Claim for Relief-RESPA

Plaintiff alleges that FFF violated RESPA by failing to correctly and accurately comply with disclosure requirements.  Plaintiff alleges that HLS violated RESPA § 2605(e)(2) by failing to provide a proper written response to Plaintiff's Qualified Written Request ("QWR").

Defendants argue that: (1) Plaintiff's claims are time barred because the statute of limitations is one-year for a RESPA claim; and (2) Plaintiff's allegations are too vague and merely legal conclusions.

Discussion

HLS

As an initial matter, Plaintiff's RESPA § 2605(e)(2) claim does not appear to be time barred.  The statute of limitations for a plaintiff suing under RESPA § 2605 is three-years from the "date of the occurrence of the violation."  See 12 U.S.C. § 2614.  Plaintiff alleges that on April 20, 2009, she mailed a QWR to HLS, which included a demand to rescind the loan under the TILA provision.  See FAC ¶33.  Plaintiff alleges that Defendants violated RESPA "at the time of closing on the sale of the Property."  See FAC ¶84.

Nevertheless, even if Plaintiff's § 2605 (e)(2) claim is not time barred, Plaintiff's claims consist of nothing more than conclusory allegations that HLS violated RESPA.  Plaintiff's allegations are not supported by any facts.  In general, under 12 U.S.C. §2605(e), a loan servicer has a duty to respond to a borrower's valid QWR.  Section 2605 provides in pertinent part: "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the

servicer shall provide a written response acknowledging receipt of the correspondence within 20

days . . ." See 12 U.S.C. §2605(e)(1)(a).  Section 2605 further provides that:

> a qualified written request shall be a written correspondence, other than notice on
> a payment coupon or other payment medium supplied by the servicer, that
> includes, or otherwise enables the servicer to identify, the name and account of the
> borrower; and (ii) a statement of the reasons for the belief of the borrower, to the
> extent applicable, that the account is in error or provides sufficient detail to the
> servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(b).

   In the instant matter, although Plaintiff alleges that HLS has not responded to a QWR,

Plaintiff fails to allege that her correspondence constituted as a valid QWR as defined by the

statute.  Moreover, Plaintiff concedes that she "is not certain at this time exactly which of

Defendants were actually the servicer of the loan at any given time." See FAC ¶83.  Plaintiff's

inability to allege whether HLS was the loan servicer at the time in question is troubling because

under RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries.

Equally troubling is the fact that Plaintiff has not alleged that the correspondence, in addition to

seeking to rescind the loan, requested information related to servicing.  A loan servicer only has a

duty to respond if the information request is related to loan servicing.  See Champlaie, 2009 WL

3429622, at *7.

   Accordingly, Plaintiff's RESPA claim as to HLS is dismissed without prejudice as it is

not clear that amendment would be futile.

   FFF

   Plaintiff vaguely alleges that FFF violated RESPA by "failing to correctly and accurately

comply with disclosure requirements."  The problem with Plaintiff's claim is that "RESPA

contains no private right of action for violations of disclosure requirements." Mamerto v.

Deutsche Bank Nat'l Trust Co., 2009 U.S. Dist. LEXIS 46988 (S.D. Cal. June 4, 2009); 12

U.S.C. § 2505(f).  Further, Plaintiff's claim fails because she is silent as to the specific

information or type of information that was not disclosed.  See FAC ¶84.

   With respect to Plaintiff's allegations that Defendants violated RESPA because of

18

1  the "conspiratorial nature of the misdeeds" (See FAC ¶83), Plaintiff fails to state facts that would

2  support a claim of civil conspiracy, as explained above in Section III.

3      Accordingly, Plaintiff fails to adequately allege a RESPA violation against FFF and

4  dismissal is granted with prejudice.

5      V.    Fifth Claim for Relief-Breach of Fiduciary Duty

6      Plaintiff alleges that Defendants Shiffer, Integra, FFF, and Crivello breached a fiduciary

7  duty owed to Plaintiff  "by obtaining a mortgage loan for her that had unfavorable terms and that

8  she could not ultimately afford, by not disclosing the negative consequences of said loan, by

9  securing a secret profit for themselves, by not properly complying with TILA and RESPA

10  requirements, and by engaging in unfair business practices."  See FAC ¶95.

11      Defendants allege that Plaintiff's claim fails because FFF did not owe Plaintiff a fiduciary

12  duty.

13      Discussion

14      Plaintiff's claim fails for the same reason the negligence claim fails.  In order to sustain a

15  claim for breach of fiduciary duty, "a plaintiff must demonstrate the existence of a fiduciary

16  relationship, breach of that duty and damages."  Serrano v. Sec. Nat'l Mortg. Co., 2009 U.S.

17  Dist. LEXIS 71725, at *12-13 (S.D. Cal. Aug. 14, 2009).  "[A]bsent special circumstances . . . a

18  loan transaction is at arm's length and there is no fiduciary relationship between the borrower

19  and the lender."  Oaks Management Corp. v. Superior Court, 145 Cal. App.4th 453, 466 (Cal. Ct.

20  App. 2006); Nymark, 231 Cal.App.3d at 1093 n.1 ("The relationship between a lending

21  institution and its borrower-client is not fiduciary in nature."); see Cross v. Downey S&L Ass'n,

22  2009 U.S. Dist. LEXIS 17946, at *14 (C.D. Cal. Feb. 23, 2009).  A commercial lender is entitled

23  to pursue its own economic interests in a loan transaction.  Nymark, 231 Cal.App.3d at 1093, n.1.

24  This right is inconsistent with the obligations of a fiduciary, which require that the fiduciary

25  knowingly agree to subordinate its interests to act on behalf of and for the benefit of another.  Id.

26      Here, Plaintiff alleges neither that FFF acted as anything other than a lender nor that FFF

27

28

19

performed the duties of a broker and/or servicer.  See Plaintiff's Opp. at page 16.  Rather, Plaintiff relies on FFF's purported influence over Shiffer and Crivello.  As with the negligence claim, there is no allegation indicating that FFF gave Shiffer and Crivello the authority to represent or bind FFF or that FFF took some action that would have given the Plaintiff the impression that such a relationship existed.  Plaintiff concedes in her opposition that she cannot allege that First Franklin acted as anything other than a typical lender.  Nymark, 231 Cal.App.3d at 1096.  Thus, these allegations are insufficient to give rise to a fiduciary duty arising from the lender to the borrower.  Oaks Management, 145 Cal.App.4th at 466.  Absent such a duty, FFF could not be directly liable to Plaintiff.

Moreover, a lender "owes no duty of care to the [borrower] in approving [a] loan." Wagner v. Benson, 101 Cal.App.3d 27, 35 (1980).  Wagner held that as a matter of law, the lender did not owe a duty in negligence not to place borrowers in a loan even where there was a foreseeable risk that the borrowers would be unable to repay.  Id.; see also Cross, 2009 U.S. Dist. LEXIS 17946 at *14 (lender has no duty to disclose to plaintiffs that they do not have the ability to repay the loan).

A lender may also be secondarily liable through the actions of a mortgage broker, who has a fiduciary duty to its borrower-client, but only if there is an agency relationship between the lender and the broker.  See Plata v. Long Beach Mortg. Co., 2005 U.S. Dist. Lexis 38807, at *23 (N.D. Cal. Dec. 13, 2005); Keen v. American Home Mortgage Servicing, Inc., 2009 WL 3380454, at *21 (E.D. Cal. Oct. 21, 2009).  As discussed above, Plaintiff's allegations do not support a finding of either actual or ostensible agency.

With respect to Plaintiff's conspiracy allegations, as with the negligence claim, FFF may not be liable under a civil conspiracy to commit breach of a fiduciary duty because FFF does not owe Plaintiff a duty.

Accordingly, the court dismisses this claim without leave to amend as to FFF directly because Plaintiff has not alleged facts supporting the conclusion that FFF owed Plaintiff a

1   fiduciary duty, but with leave to amend based on an agency theory of liability.

2        VI.    <u>Sixth Claim for Relief-Fraud</u>

3        Plaintiff alleges that Defendants Shiffer, Crivello, and Integra made false representations

4   to Plaintiff regarding interest rates, financing options, and loan qualifications at the inception of

5   the loan transaction.  Plaintiff alleges that all the Defendants conspired together to perpetrate the

6   fraud.  Additionally, Plaintiff alleges that Defendants misrepresented to Plaintiff that they were

7   entitled to enforce the security interest and initiate the non-judicial foreclosure because they are

8   not in actual possession of the note.

9        Defendants argue that Plaintiff fails to satisfy the particularity requirement of Rule 9(b).

10  Defendants also allege that any misrepresentations by Shiffer cannot give rise to liability of the

11  moving Defendants because, as Plaintiff admits, Shiffer was acting as an agent for Defendant

12  Integra and not the other defendants.

13       <u>Discussion</u>

14       Plaintiff's fraud claim is defective because she fails to plead with the particularity as

15  required by Rule 9(b).  Federal Rule of Civil Procedure 9(b) requires that, when averments of

16  fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give

17  defendants notice of the particular misconduct . . . so that they can defend against the charge and

18  not just deny that they have done anything wrong."  Fed. R. Civ. Pro. 9(b); <u>Vess</u>, 317 F.3d at

19  1106.  Although the substantive elements of fraud may be set by a state law, those elements must

20  be pled in accordance with the requirements of Rule 9(b).  <u>See</u> <u>id.</u> at 1103.  Allegations of fraud

21  should specifically include "an account of the time, place, and specific content of the false

22  representations as well as the identities of the parties to the misrepresentations."  <u>Swartz</u>, 476

23  F.3d at 764.  "The plaintiff must set forth what is false or misleading about a statement, and why

24  it is false."  <u>Vess</u>, 317 F.3d at 1106.  Stated differently, the complaint must identify "the who,

25  what, when, where, and how" of the fraud.  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th

26  Cir. 2009).

27

28

Here, Plaintiff bases her claim on mere conclusory legal allegations and fails to include statements regarding the place and nature of these purported fraudulent activities.  See id.; Vess, 317 F.3d at 1106; Wood v. Aegis Wholesale Corp., 2009 U.S. Dist. LEXIS 57151, at *15-*18 (E.D. Cal. July 2, 2009); Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS 34811, at *13-*14 (N.D. Cal. Apr. 8, 2009).  Although, Plaintiff alleges that Defendants Shiffer, Crivello, and Integra made misrepresentations at the time the loan was made, Plaintiff fails to adequately allege how the moving Defendants are responsible for the alleged wrongdoing.  As discussed above, Plaintiff's conclusory conspiracy allegations fall flat.  Moreover, Plaintiff fails to allege an agency relationship between Shiffer and the moving Defendants.

Further, as mentioned above, it is irrelevant that the Defendants do not have the original note signed in ink by Plaintiffs.  See Brosnan, 2009 U.S. Dist. LEXIS 92480, at *19; Smith, 2009 U.S. Dist. LEXIS 57553, at *6.

Lastly, Plaintiff fails to inform each Defendant separately of the allegations.  Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  Swartz, 476 F.3d at 764-65.

Therefore, Plaintiff fails to allege sufficient facts to raise a fraud claim under Rule 9(b)'s standard as to the moving Defendants.  Accordingly, Defendants' motion to dismiss the sixth cause of action is granted with leave to amend as to FFF, HLS, and BOA, but without leave to amend as to MERS, as amendment would be futile.[9]

Seventh Claim for Relief-UCL

Plaintiff bases her UCL claim on the grounds that "Defendants' acts, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices."  See FAC ¶114.

---

[9]Leave to amend appears to be futile as the court is not aware of a theory that Plaintiff could seek to hold MERS responsible for the lender's alleged fraudulent conduct and because Plaintiff's physical possession of the note argument is meritless.

1   Defendants argue that Plaintiff has failed to allege any unlawful, unfair or fraudulent

2   conduct by Defendants or allege that Defendants have violated any particular law.

3   Under the UCL, "unfair competition" means "and includes any unlawful, unfair or

4   fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any

5   act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the

6   Business and Professions Code."  Cal. Bus. & Prof. Code § 17200.  "In essence, an action based

7   on Business and Professions Code § 17200 to redress an unlawful business practice 'borrows'

8   violations of other laws and treats these violations, when committed pursuant to business activity,

9   as unlawful practices independently actionable under section 17200 et seq. and subject to the

10  distinct remedies provided thereunder."  Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 383

11  (1992).  As such, a "defendant cannot be liable under § 17200 for committing 'unlawful business

12  practices' without having violated another law."  Ingles v. Westwood One Broadcasting Servs.,

13  Inc., 129 Cal.App.4th 1050, 1060 (2005).

14  Plaintiff's failure to state any underlying unlawful, unfair, or fraudulent conduct is fatal to

15  Plaintiffs' UCL claim.  Plaintiff's allegations are conclusory, and do not indicate that another law

16  has been violated.  The allegations are not supported by any facts.  To the extent Plaintiff's UCL

17  cause of action is predicated on TILA, RFDCPA, and RESPA, it is inappropriate.  "A court may

18  not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action

19  as one for unfair competition."  Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048

20  (9th Cir.2000); Vega v. JP Morgan Chase Bank, N.A., 2009 U.S. Dist. LEXIS 83763, at *29 (E.D.

21  Cal. Aug. 25, 2009).[10]

22  Given that Plaintiff's TILA, RFDCPA, and RESPA claims fail, the UCL claims also fail.

23  See Landayan v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 93308, at *9 (N.D. Cal. Sept. 18,

24  2009);  Vega, 2009 U.S. Dist. LEXIS 83763 at *29; Rosal v. First Fed. Bank of Cal., 2009 U.S.

25  _____

26  [10]Additionally, this claim may be preempted by federal law.  See Vega, 2009 U.S. Dist.
    LEXIS 83763, at *28-29.  However, without additional briefing on the issue, the Court expresses
27  no opinion at this time.

28

1  Dist. LEXIS 60400, *28 (N.D. Cal. July 15, 2009).  Because Plaintiff's TILA and RFDCPA

2  claims are dismissed with prejudice, Plaintiff's UCL claims based on TILA and RFDCPA are

3  dismissed without leave to amend.  As to HLS, since it is unclear whether Plaintiff's RESPA

4  claim against HLS will be sufficiently plead after amendment, dismissal will be with leave to

5  amend as to Plaintiff's UCL claim based on RESPA only.

6          To the extent Plaintiff's UCL claim is based on a breach of fiduciary duty or negligence

7  cause of action, it too fails as Plaintiff does not adequately allege that the moving Defendants owe

8  Plaintiff a fiduciary duty.  Thus, in the absence of a fiduciary duty owed by moving Defendants,

9  Plaintiff's UCL claim based on a breach of fiduciary duty and negligence claims fail.  Since it is

10  unclear whether Plaintiff's negligence claim based on RESPA as to HLS will be sufficiently plead

11  after amendment, dismissal will be with leave to amend as to her UCL claim based on negligence

12  and RESPA.

13          To the extent Plaintiff's UCL claim is based on fraud, as discussed above, Plaintiff's fraud

14  claim is defective.  Accordingly, Defendants motion to dismiss as to Plaintiff's UCL cause of

15  action based on fraud is granted with leave to amend.

16          Eighth Claim for Relief-Breach of Contract

17          Plaintiff alleges that Defendants breached their agreement with Plaintiff to provide her

18  with an affordable loan.  See FAC ¶121.  Plaintiff also alleges that Defendants breached their

19  agreement by failing to submit an accurate loan application, failing to supervise, and failing to

20  provide loan documents to the Plaintiff.  Id.

21          Defendant argues that Plaintiff's action fails because she does not allege that there existed

22  an agreement that required the various performance she lists, such as "reasonable efforts," "due

23  diligence," and providing loan documents prior to closing.

24          Discussion

25          "To be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a

26  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

27

28

1  (4) damage to plaintiff." <u>Troyk v. Farmers Group, Inc.</u> 171 Cal.App.4th 1305, 1352 (2009).  The

2  defendant's breach must have proximately caused the plaintiff's damage.  <u>See</u> <u>id.</u>  Further, if a

3  defendant's breach does not cause harm, a trier of fact may nevertheless award the plaintiff

4  nominal damages.  <u>Id.</u> at 1352 n.36.

5      Here, Plaintiff alleges that she had a loan contract with Defendants.  What is missing,

6  however, is any allegation that Plaintiff has performed her obligations or is excused from

7  performing her obligations.  <u>See</u> <u>id.</u> at 1352.  Because Plaintiff does not allege either performance

8  or excuse for non-performance of her contractual duties, dismissal of this claim will be with leave

9  to amend.

10     <u>Ninth Claim for Relief-Breach of Implied Covenant of Good Faith</u>

11     Plaintiff alleges that Defendants Shiffer, Crivello, and FFF "breached the implied duty of

12  good faith by performing acts and failing to act as alleged herein, and by failing to perform the

13  duties specifically enumerated herein."  <u>See</u> FAC ¶127.  Plaintiff further alleges that Defendants

14  breached their duty by failing to give Plaintiff the requisite notice and disclosures and failing to

15  disclose the true nature of the loan.  <u>See</u> FAC ¶127.

16     Defendants argue that Plaintiff's action fails because she does not allege any affirmative

17  conduct by Defendants that prevented Plaintiff from enjoying the fruits of the subject loan

18  agreement.  Defendants allege that Plaintiff obtained the benefits of the agreement, (i.e. she

19  obtained the loan proceeds.)

20     <u>Discussion</u>

21     In California, "there is an implied covenant of good faith and fair dealing in every

22  contract that neither party will do anything which will injure the right of the other to receive the

23  benefits of the agreement."  <u>Kransco v. American Empire Surplus Lines Ins. Co.</u>, 23 Cal.4th 390,

24  400 (2000).  The covenant is "read into contracts in order to protect the express covenants or

25  promises of the contract, not to protect some general public policy interest not directly tied to the

26  contract's purpose."  <u>Carma Developers (Cal.), Inc. v. Marathon Development Cal., Inc.</u>, 2

27

28

Cal.4th 342, 373 (1992).  To show a breach of this covenant, a plaintiff must show the following

elements: (1) the existence of a contract; (2) plaintiff performed all, substantially performed, or

was excused from performing his obligations under the contract; (3) all conditions for

defendant's performance occurred; (4) defendant unfairly interfered with plaintiff's right to

receive the benefits of the contract; and (5) plaintiff was harmed by defendant's conduct.  See

Judicial Council of California – Civil (CACI) (2009 ed.) § 325.

To the extent that Plaintiff's implied covenant of good faith claim is based on

Defendants' failure to make disclosures regarding the loan and Plaintiff's ability to pay, it fails.

This is conduct that would have occurred prior to the signing of the loan agreement, (i.e. prior to

the existence of the loan agreement).  Since the complained of conduct occurred prior to the

contract's existence, the cause of action fails.[11]  See CACI § 325.  Amendment cannot cure this

particular deficiency.  Thus, dismissal will be without leave to amend.

Tenth Cause of Action-Wrongful Foreclosure

Plaintiff alleges that the Defendants "[w]ere not and are not in possession of the Note, are

not beneficiaries, assignees or employees of the person or entity in possession of the Note, and

are not otherwise entitled to payment."  See FAC ¶134.  Plaintiff also alleges that Defendants

have violated the Emergency Economic Stabilization Act of 2008 ("EESA") and the Troubled

Asset Relief Program ("TARP") because they failed to suspend the foreclosure action to allow

the Plaintiff to be considered for alternative foreclosure prevention options.  See FAC ¶142.

Lastly, Plaintiff alleges that Defendants failed to properly record and give proper notice of the

Notice of Default.  See FAC ¶136.

Defendants argue that Plaintiff's claim is defective because she fails to allege that the

foreclosure has actually occurred and only alleges pre-foreclosure notices.  Defendants posit that

TARP or the EESA do not provide  private right of actions.

---

[11]Additionally, as discussed above, Defendants were under no duty to disclose the
Plaintiff's ability or inability to pay.  See Cross, 2009 U.S. Dist. LEXIS 17946, at *14; Nymark,
231 Cal.App.3d at 1096.

1

<u>Discussion</u>

2      Assuming without deciding that a claim for wrongful foreclosure may be brought when

3  foreclosure has not yet occurred, Plaintiff has failed to allege a violation of any of the

4  requirements for a non-judicial foreclosure.  "A trustee or mortgagee may be liable to the trustor

5  or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully

6  oppressive sale of property under a power of sale contained in a mortgage or deed of trust."

7  <u>Munger v. Moore</u>, 11 Cal. App.3d 1, 7 (1970).  The complaint lacks facts of Defendants' alleged

8  illegal or fraudulent activity to impose tort liability based on their conduct in connection with

9  foreclosure of the property.  Plaintiff's attempt to manufacture a claim based on "possession of

10 the note" fails.  "Under Civil Code Section 2924, no party needs to physically possess the

11 promissory note."  <u>Sicairos v. NDEX West, LLC</u>, 2009 WL 385855, at *3 (S.D. Cal. Feb. 13,

12 2009) (citing Cal. Civ. Code, §2924(a)(1)).  Rather, "[t]he foreclosure process is commenced by

13 the recording of a notice of default and election to sell by the trustee."  <u>Moeller</u>, 25 Cal. App.4th

14 at 830.  An "allegation that the trustee did not have the original note or had not received it is

15 insufficient to render the foreclosure proceeding invalid."  <u>Neal v. Juarez</u>, 2007 WL 2140640, at

16 *8 (S.D. Cal. July 23, 2007).

17     With respect to Plaintiff's TARP and EESA claims, Plaintiff fails to specify what

18 provisions Defendants allegedly violated or what particular conduct of the Defendants is in

19 violation of TARP and EESA.  Moreover, TARP does not provide for a private right of action.

20 <u>See</u> <u>Pantoja v. Countryside Home Loans Inc.</u>, 640 F.Supp.2d 1177, 1185 (N.D.Cal.2009).

21 Similarly, the EESA does not provide for a private right of action.  <u>See</u> <u>Santos v. Countrywide</u>

22 <u>Home Loans</u>, 2009 WL 3756337, *3 (E.D. Cal. Nov. 6, 2009).  Thus, Plaintiff's TARP and

23 EESA claims fail.

24     Finally, Plaintiff's argument that the Notice of Default was improperly recorded is

25 without merit as the Notice of Default, which the court may consider as a matter of public record,

26

27

28

1    appears to have been recorded on February 12, 2009.[12]

2         Accordingly, Plaintiff's wrongful foreclosure claim is dismissed with leave to amend.

3         Eleventh Claim for Relief-Violation of Section 1632

4         Plaintiff alleges that she is primarily Spanish speaking and has very limited understanding

5    of the English language, and that the negotiations were translated into Spanish, but no documents

6    were provided to Plaintiffs translated into Spanish." See FAC ¶147.  Plaintiff also alleges that

7    she is entitled to rescission pursuant to § 1632(k).

8         Defendants argue that Plaintiff's cause of action should be dismissed because only the

9    brokers dealt with Plaintiff in Spanish and that moving Defendants never did.  Defendants also

10   allege that the contract cannot be rescinded because there is no allegation in the FAC that

11   Plaintiff is willing and able to make restitution pursuant to Cal. Civ. Code §1632(k).

12        Discussion

13        California Code §1632 provides, in relevant part:

14        (b) Any person engaged in a trade or business who negotiates primarily in
15        Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the
          course of entering into any of the following, shall deliver to the other party to the
16        contract or agreement and prior to the execution thereof, a translation of the
          contract or agreement in the language in which the contract or agreement was
17        negotiated, which includes a translation of every term and condition in that
          contract or agreement.

18   Cal. Civ. Code §1632(b).  The statute was enacted "to increase consumer information and

19   protections for the state's sizeable and growing Spanish-speaking population."  See Cal. Civ.

20   Code §1632(a)(1).  Generally, §1632 does not require disclosures of Spanish language

21   documents where a loan is secured by real property.  However,  §1632(b)(4) contains an

22   exception, which requires a Spanish translation if the "loan or extension of credit is for use

23   primarily for personal, family, or household purposes were the loan or extension of credit is

24   _____

25        [12]Defendants' request that the court take judicial notice of the Notice of Default, is
     granted.  "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public
26   record."  See Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir.
     1956); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Notice of Default
27   is a matter of public record.  As such, this court may consider this foreclosure document.

28

                                                    28

subject to the provisions of Article 7...” Cal. Civ. Code §1632(b)(4). Article 7, in turn, applies to certain loans secured by real property, which are negotiated by a real estate broker. <u>See</u> Cal. Bus. & Prof. Code § 10240.

Here, Plaintiff appears to meet § 1632(b)(4)'s requirement of a household loan as she alleges that the loan was to refinance her residence. <u>See</u> FAC ¶23. Plaintiff alleges that her real estate broker was Defendant Crivello. Plaintiff, however, does not allege that Defendant Crivello negotiated her loan. Instead, Plaintiff appears to be alleging that Defendant Shiffer, a loan officer, was the defendant who participated in the negotiations (i.e., Plaintiff alleges that Shiffer misrepresented what the interest rate would be, Plaintiff's income, and Plaintiff's ability to subsequently refinance.) Thus, the FAC does not allege sufficient facts showing that the loan at issue falls within the exception stated in §1632(b)(4).

Nevertheless, even if Plaintiff had alleged that a broker negotiated her loan, Plaintiff's cause of action fails because she does not allege that she is able to restore everything of value received under the loan. Failure to comply with §1632 allows the aggrieved party to rescind the contract. Cal. Civ. Code §1632(k). Section 1632(k) provides in pertinent part:

> “When the contract for a consumer credit sale or consumer lease which has been sold and assigned to a financial institution is rescinded pursuant to this subdivision, the consumer shall make restitution. To and have restitution made by the person with whom he or she made the contract, and shall give notice of rescission to the assignee.”

Cal. Civ. Code §1632(k).

Therefore, Plaintiff must make restitution to obtain a rescission. Plaintiff, however, concedes that she is unable at this time to tender the value she received under the loan. <u>See</u> Plaintiff's Opp. at page 35. Without at least alleging that Plaintiff is financially capable of tendering loan proceeds subject to Rule 11(b) requirements, Plaintiff's §1632 cause of action must be dismissed with leave to amend.

1     <u>Motion to Strike</u>

2     Defendants move to strike references in the FAC demanding punitive damages.

3 California Civil Code § 3294 permits recovery of punitive damages where a defendant has

4 engaged in "oppression, fraud, and malice."  Because the court has dismissed the complaint in its

5 entirety, the motion to strike is denied as moot.

6

7                                         **<u>ORDER</u>**

8     For the reasons stated above, the court:

9     1.    Dismisses the complaint's TILA rescission and TILA damages without leave to

10           amend as to FFF;

11     2.    Dismisses the complaint's RFDCPA claims without leave to amend as to MERS,

12           and with leave to amend as to FFF and HLS;

13     3.    Dismisses the complaint's negligence claim based on RESPA as to Defendant

14           HLS with leave to amend; dismisses the complaint's negligence claim based on

15           RESPA and TILA as to Defendant FFF without leave to amend;

16     4.    Dismisses the complaint's negligence claim as to Defendants BOA and MERS

17           without leave to amend;

18     5.    Dismisses the complaint's negligence claim as to FFF based on a civil conspiracy

19           theory without leave to amend, but with leave to amend based on an agency theory

20           of liability;

21     6.    Dismisses the complaint's RESPA claim as to FFF without leave to amend;

22     7.    Dismisses the complaint's RESPA claim as to HLS with leave to amend;

23     8.    Dismisses the complaint's breach of fiduciary duty claim without leave to amend

24           as to FFF directly, but with leave to amend under an agency theory of liability;

25     9.    Dismisses the complaint's fraud claim as to Defendants FFF, HLS, and BOA with

26           leave to amend, and without leave to amend as to MERS;

27

28

10. Dismisses the complaint's UCL claims based on TILA and RFDCPA without leave to amend; with leave to amend as to the UCL claim based on Fraud; with leave to amend as to the UCL claim based on RESPA with regard to Defendant HLS; with leave to amend as to the UCL claim based on negligence/RESPA as to HLS; with leave to amend as to the UCL claim based on negligence under an agency theory of liability as to FFF; and with leave to amend as to the UCL claim based on a breach of fiduciary duty under an agency theory of liability as to FFF;

11. Dismisses the complaint's breach of contract claim with leave to amend;

12. Dismisses the complaint's breach of the implied covenant of good faith claim without leave to amend;

13. Dismisses the complaint's wrongful foreclosure claim with leave to amend;

14. Dismisses the complaint's §1632 cause of action with leave to amend;

15. Denies Defendants' motion to strike punitive damage references in the complaint; and

16. ORDERS Plaintiff to file and serve her amended complaint subject to Rule 11(b) requirements on or by January 26, 2010.

IT IS SO ORDERED.

**Dated:      January 9, 2010**                          **/s/ Anthony W. Ishii**
                                             CHIEF UNITED STATES DISTRICT JUDGE