IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA M. GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST FRANKLIN LOAN SERVICES,<br>et. al,<br><br>    Defendants. | NO.  1:09-CV-941 AWI-GSA<br><br>ORDER CLOSING CASE<br><br>(Doc. Nos. 46, 48, 49) |

    On January 11, 2010, this court issued an order ("January 11 Order"), which dismissed Plaintiff's Truth-in-Lending Act ("TILA") claims against First Franklin Financial Corp. ("FFF") without leave to amend.  The January 11 Order also dismissed Plaintiff's RESPA claims against Home Loan Services, Inc. ("HLS") with leave to amend  The court permitted Plaintiff to file and serve her amended complaint by January 26, 2010.  On January 26, 2010, Plaintiff complied with the court's order and filed a Second-Amended Complaint.  On April 2, 2010, Plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i) and dismissed without prejudice her Real Estate Settlement Procedures Act ("RESPA") claims against("HLS") and Bank of America ("BOA").

    The basis of the Court's subject matter jurisdiction was the presence of a federal question.  See First-Amended Complaint at ¶ 1.  The Second-Amended Complaint, however, no

longer alleges any federal causes of action.[1]  In other words, Plaintiff has dropped all of her federal claims.  All that remains in the active complaint are state law claims.  See Second-Amended Complaint and Plaintiff's Notice of Voluntary Dismissal.  Since the Second-Amended Complaint contains no federal claims, "there [are] no claims to which the state claims could be supplemental."  Wellness Cmty. Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995); see Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007).  The Court no longer sees a basis for jurisdiction; therefore, dismissal of the complaint is appropriate.  See Pintando, 501 F.3d at 1243-44; Wellness Cmty, 70 F.3d at 50; Boelens v. Redman Homes, Inc., 759 F.2d 504, 506-08 (5th Cir. 1985); cf. 28 U.S.C. § 1367(c)(3); Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:

1. This case is dismissed without prejudice to refiling in state court; and
2. The Clerk shall CLOSE the case.

IT IS SO ORDERED.

**Dated:   April 15, 2010**            /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes that there has never been any allegation of diversity jurisdiction.

2